**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| IN RE: WELSCORP, INC., ) | |
| ) | |
| Debtor. ) | Case No.: 2:23-cv-00458-GMN |
| ) | |
| WILLIAM CASTALDI & KARIN ) | **ORDER** |
| CASTALDI, ) | |
| ) | |
| Appellants, ) | |
| ) | |
| vs. ) | |
| ) | |
| LENARD SCHWARTZER, ) | |
| ) | |
| Appellee. ) | |
| ) | |

On March 24, 2023, the United States Bankruptcy Appellate Panel of the Ninth Circuit ("BAP") transferred the above-captioned case to this Court for the limited purpose of ruling on the pending Motion/Application for Leave to Proceed *in forma pauperis* ("IFP Motion"), filed by Appellants William Castaldi and Karin Castaldi (collectively, "Appellants"). (*See* BAP Order Transferring Appeal at 2, ECF No. 3). (*See generally id.*). Appellants have appealed the bankruptcy court's orders issued in an adversary proceeding, Case No. BK-S-19-18056-ABL ("Adversary Proceeding"). (*See* BAP Order Transferring Appeal, ECF No. 3). Specifically, Appellants seek review of the bankruptcy court's Order granting summary judgment and the Judgment against Appellants that followed. (*See generally id.*). For the reasons discussed below, Appellants' IFP Motion is **DENIED**.

Generally, "[a]ll parties instituting a bankruptcy appeal must pay a filing fee of $298." *In re Barrett*, No. 22-cv-222 JLS (WVG), 2022 WL 747678, at *1 (S.D. Cal. Mar. 11, 2022) (citing Fed. R. Bankr. P. 8003(a)(3)(C)); *see also* Appeals Before the Bankruptcy Appellate

Panel of the Ninth Circuit § V(D), available at https://cdn.ca9.uscourts.gov/datastore/bap/2017/01/23/Litigant's%20Manual.pdf. However, "'any court of the United States' may authorize an indigent party who cannot afford the expense of pursuing an appeal to proceed on appeal *in forma pauperis*" if the appeal is taken in good faith. *In re PSG Mortg. Lending Corp.*, No. 22-cv-04330-BLF, 2022 WL 4230436, at *2 (N.D. Cal. Aug. 1, 2022); *see also* 28 U.S.C. §§ 1915(a)(1); 1915(a)(3).  A federal court may permit an appellant to proceed *in forma pauperis* ("IFP") "if the party submits an affidavit, including a statement of assets, showing that he is unable to pay the required filing fee." *In re Barrett*, 2022 WL 747678, at *1 (citing 28 U.S.C. § 1915(a)).

"A party need not 'be absolutely destitute' to proceed IFP." *Id.* (quoting *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 339 (1948)).  "Nonetheless, a plaintiff seeking IFP status must allege poverty 'with some particularity, definiteness, and certainty.'" *Escobedo v. Applebees*, 787 F.3d 1226, 1234 (9th Cir. 2015) (quoting *United States v. McQuade*, 647 F.3d 938, 940 (9th Cir. 1981)).  "An affidavit in support of an IFP application is sufficient where it alleges that the affiant cannot pay the court costs and still afford the necessities of life." *Id.* However, "there is no formula set forth by statute, regulation, or case law to determine when someone is poor enough to earn IFP status." *Id.* at 1235.

Here, Appellants attest that they have a joint monthly income of $4,014.00. (IFP Motion at 7, ECF No. 4).  Additionally, they have $104.00 in a checking or savings account. (*Id.* at 8). Appellants list regular monthly expenses amounting to $2,989.20[1] and declare that they do not have any debts or financial obligations. (*Id.*).  Although their IFP Motion does not account for the cost of food and other necessities, their attestations suggest that Appellants have more than $1,000.00 per month in surplus.  The Court is aware of the financial realities of today, and the

---

[1] This total sum for monthly expenses includes Appellants' car payment, rent, utilities, insurance, and phone payments. (IFP Motion at 8).

struggle of feeding and clothing two people on a surplus of just over $1,000.00.  Nonetheless, Appellants have not adequately alleged that they cannot pay the $298.00 fee with their combined income of $4,014.00 per month and still afford the necessities of life.  The Court will not assume that the unaccounted-for expenses of daily living exceed Appellants' surplus without evidence.  Accordingly, the Court finds that Appellants have not alleged poverty with particularity, definiteness, or certainty. *See In re Barrett*, 2022 WL 747678 at *1.

**IT IS HEREBY ORDERED** that Appellants' Motion to proceed in their bankruptcy appeal *in forma pauperis* under 28 U.S.C. § 1915 is **DENIED without prejudice.**  Appellants have twenty-one (21) days from the date that this Order is docketed to either (1) pay the entire $298 filing fee or (2) file a renewed Motion to Proceed IFP clarifying how payment of the filing fee would result in Appellants' ability to afford the necessities of life.

Dated this  1  day of June, 2023.

_____
Gloria M. Navarro, District Judge
United States District Court