**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| IN RE: WELSCORP, INC., | |
|         Debtor. | Case No.: 2:23-cv-00458-GMN |
| WILLIAM CASTALDI & KARIN CASTALDI, | **ORDER** |
|         Appellants, | |
| vs. | |
| LENARD SCHWARTZER, | |
|         Appellee. | |

On March 24, 2023, the United States Bankruptcy Appellate Panel of the Ninth Circuit ("BAP") transferred the above-captioned case to this Court for the limited purpose of ruling on the Motion/Application for Leave to Proceed *in forma pauperis* ("IFP Motion"), filed by Appellants William Castaldi and Karin Castaldi (collectively, "Appellants"). (*See* BAP Order Transferring Appeal at 2, ECF No. 3). Appellants have appealed the bankruptcy court's orders issued in an adversary proceeding, Case No. BK-S-19-18056-ABL ("Adversary Proceeding"). (*See id.*). Specifically, Appellants seek review of the bankruptcy court's Order granting summary judgment and the Judgment against Appellants that followed. (*See generally id.*).

The Court denied Appellants' initial IFP Motion because Appellants failed to allege poverty with particularity, definiteness, or certainty. (Order 3:5–6, ECF No. 5). The Court granted Appellants leave to file a renewed IFP Motion, (*id.* 3:10–11), which Appellants timely filed, (Renewed IFP Mot., ECF No. 6). For the reasons discussed below, the Court **GRANTS** Appellants' Renewed IFP Motion.

1  Generally, "[a]ll parties instituting a bankruptcy appeal must pay a filing fee of $298." *In re Barrett*, No. 22-cv-222 JLS (WVG), 2022 WL 747678, at *1 (S.D. Cal. Mar. 11, 2022) (citing Fed. R. Bankr. P. 8003(a)(3)(C)); *see also* Appeals Before the Bankruptcy Appellate Panel of the Ninth Circuit § V(D), available at https://perma.cc/4Y6M-4AY4. However, "'any court of the United States' may authorize an indigent party who cannot afford the expense of pursuing an appeal to proceed on appeal *in forma pauperis*" ("IFP") if the appeal is taken in good faith. *In re PSG Mortg. Lending Corp.*, No. 22-cv-04330-BLF, 2022 WL 4230436, at *2 (N.D. Cal. Aug. 1, 2022) (quoting 28 U.S.C. § 1915(a)(1)). A federal court may permit an appellant to proceed IFP "if the party submits an affidavit, including a statement of assets, showing that he is unable to pay the required filing fee." *In re Barrett*, 2022 WL 747678, at *1 (citing 28 U.S.C. § 1915(a)).

"A party need not 'be absolutely destitute' to proceed IFP." *Id.* (quoting *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 339 (1948)). "Nonetheless, a plaintiff seeking IFP status must allege poverty 'with some particularity, definiteness, and certainty.'" *Escobedo v. Applebees*, 787 F.3d 1226, 1234 (9th Cir. 2015) (quoting *United States v. McQuade*, 647 F.3d 938, 940 (9th Cir. 1981)). "An affidavit in support of an IFP application is sufficient where it alleges that the affiant cannot pay the court costs and still afford the necessities of life." *Id.* "[T]here is no formula set forth by statute, regulation, or case law to determine when someone is poor enough to earn IFP status." *Id.* at 1235.

Here, Appellants attest that they have a joint monthly income of $4,014.00. (IFP Motion at 7, ECF No. 4). Additionally, they have $104.00 in a checking or savings account. (*Id.* at 8). Appellants provided a more complete list of their regular monthly expenses in their Renewed IFP Motion, amounting to $3,599.28, leaving only $414.72 per month for food and other necessities.[1] (Renewed IFP Mot. ¶ 6). The Renewed IFP Motion also states that Appellants

---

[1] This total sum for monthly expenses includes Appellants' car payment, rent, utilities, insurance, phone

1  have each taken out cash advances against their next Social Security payments in the joint sum
2  of $1,046.00 to pay for necessary medical services.[2] (*Id.* ¶¶ 4–5).

3      Although Appellants do not account for the cost of food and other necessities, the Court
4  finds that Appellants would be unable to afford the necessities of life—including food for two
5  people—with $116.72, the amount Appellants would be left with after paying the $298.00 fee.
6  And in light of Appellants' cash advances, Appellants likely would have to make do on even
7  less.  Accordingly, Appellants have adequately alleged that they cannot pay the $298.00 fee
8  with their combined surplus of $414.72 per month and still afford the necessities of life.

9      **IT IS HEREBY ORDERED** that Appellants' Motion to proceed in their bankruptcy
10  appeal *in forma pauperis* under 28 U.S.C. § 1915, (ECF No. 6), is **GRANTED.**

11      **IT IS FURTHER ORDERED** that the Clerk of Court shall transmit this Order to the
12  BAP.  Because this case was transferred to this Court for the limited purpose of ruling on the
13  IFP Motion, **IT IS FURTHER ORDERED** that the Clerk of Court shall close this case.  All
14  further proceedings shall take place in front of the BAP.

15      Dated this __7__ day of July, 2023.

_____
Gloria M. Navarro, District Judge
United States District Court

---

payments, union dues, taxes, and prescription co-pays. (Renewed IFP Mot. ¶ 6).
[2] Appellant William Castaldi is 81 years old and has both COPD and diabetes. (Renewed IFP Mot. ¶ 4).  He is further disabled from two bouts of COVID-19. (*Id.*).  William takes eight prescriptions per day and sees his endocrinologist once every three months and his pulmonary specialist once every four months or as needed. (*Id.*).  Appellant Karin Castaldi is 79 years old and disabled but works despite her disability. (*Id.* ¶ 5).  Karin also has COPD and diabetes. (*Id.*).  She takes six prescriptions and three supplements per day, sees a doctor every month, and requires several medical tests she cannot afford. (*Id.*).